UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY SHERIDAN THOMAS,

 Plaintiff,

v.               Case No. 8:24-cv-2937-KKM-LSG

UNITED STATES POSTAL SERVICE,

 Defendant.
_____

ORDER

  The United States Postal Service moves to dismiss Jeffrey Thomas's complaint. Mot. to Dismiss (MTD) (Doc. 12). USPS's motion is unopposed because Thomas failed to timely respond. *See* Local Rule 3.01(c). For the below reasons, I grant USPS's motion.

I. BACKGROUND

  Thomas mailed a package from Tampa to New York City and purchased $1,000 of insurance coverage. Compl. (Doc. 1) at 4; (Doc. 1-3). The package, which contained a phone, was not delivered and eventually declared lost. *Id.* at 4–5. To cover his losses, Thomas filed an insurance claim. *Id.* at 4. USPS denied Thomas's

claim, so he initiated this action, seeking the full amount of the insurance policy and $500 as compensation for the time spent seeking reimbursement. *Id.* at 5.

USPS moves to dismiss this action for a lack of subject-matter jurisdiction. *See* MTD; FED. R. CIV. P. 12(b)(1). Attached to USPS's motion is evidence that, after this litigation began, USPS issued Thomas a check that included the full amount of his insurance policy. (Doc. 12-1) at 7. USPS also presents evidence that Thomas deposited this check after receiving it. *Id.* at 8.

## II. LEGAL STANDARD

A defendant may challenge a court's subject-matter jurisdiction at the pleading stage by moving to dismiss under Rule 12(b)(1). *See* FED. R. CIV. P. 12(b)(1). There are two kinds of Rule 12(b)(1) attacks. Facial attacks "challenge[ ] whether a plaintiff 'has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.' " *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam)). In contrast, factual attacks "challenge[ ] the existence of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered." *Id.* "A district court evaluating a factual attack on subject matter jurisdiction . . . is free to

weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

## III. ANALYSIS

USPS argues that no subject-matter jurisdiction exists over Thomas's insurance claim. MTD at 3–6. USPS also argues that Thomas's claim for litigation costs is barred. *Id.* at 6–8.

### A. Thomas's Insurance Claim is Moot

USPS argues that this Court lacks subject-matter jurisdiction because: (1) USPS has not waived its sovereign immunity; (2) Thomas has not exhausted his pre-suit remedies; and (3) Thomas's claim is moot. MTD at 3–6. I agree with the third reason and do not address the first two.

"The Constitution grants federal courts jurisdiction to decide 'Cases' or 'Controversies.'" *FBI v. Fikre*, 601 U.S. 234, 240 (2024) (quoting U.S. CONST., art. III, §§ 1, 2). "The doctrine of mootness derives directly from the case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (per curiam) (quoting *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997)). "[A] case is moot when the issues presented are no longer 'live' or the parties

3

lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed." *Al Najjar*, 273 F.3d at 1336. In other words, for a case not to be moot, a federal court must be able to "provide redress in some palpable way." *Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 733 (11th Cir. 2018). To determine whether a case is moot, a court must consider each form of relief that the plaintiff seeks. *See Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*, 115 F.4th 1266, 1283–86 (11th Cir. 2024).

Thomas's insurance claim is moot. After this litigation started, USPS decided to pay Thomas's claim and issued Thomas a check for $1,014.50, "which included the full $1,000 of insurance purchased and a refund for the $14.50 for postage paid as the item was not delivered." Kupper Decl. (Doc. 12-1 at 1–3) ¶¶ 10–11; (Doc. 12-1) at 7. Thomas has already deposited this check, and he does not provide any reason to doubt that his stated injury has now been redressed. Kupper Decl. ¶ 13; *see* (Doc. 12-1) at 8; *cf. Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 165 (2016) ("[A]n *unaccepted* settlement offer or offer of judgment does not moot a plaintiff's case." (emphasis added)). Because Thomas has "received all the relief [he] could

claim" under the insurance policy providing $1,000 of coverage, his claim is now moot. *Gomez*, 577 U.S. at 164 n.5; *cf. U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994) (discussing cases that "involved mootness by reason of settlement"); *Yunker v. Allianceone Receivables Mgmt., Inc.*, 701 F.3d 369, 372 (11th Cir. 2012) (per curiam) ("As a general principle, settlement between the parties in litigation renders the case moot."); *Donald D. Forsht Assocs., Inc. v. Transamerica ICS, Inc.*, 821 F.2d 1556, 1559 (11th Cir. 1987) ("The judgment for the entire amount of pleaded damages having been fully satisfied, at least as far as Forsht is concerned, Forsht's claim is extinguished and the appeal is therefore moot."). The Court therefore lacks subject-matter jurisdiction over Thomas's insurance claim. *See Gagliardi*, 889 F.3d at 733 ("[A] case becomes moot when the reviewing court can no longer offer any effective relief to the claimant.").

### B. Thomas is Not Entitled to Litigation Costs

Thomas seeks to "recover compensation for the time spent working on getting compensation." Compl. at 5. Thomas fails to cite a federal statute authorizing this request. *See* MTD at 6–7 ("[Thomas] has not cited any statutory authority that would allow him to recover compensation from the United States for time spent pursuing insurance reimbursement for the lost phone."); *Dolan v. U.S. Postal Serv.*,

5

546 U.S. 481, 484 (2006) ("[T]he Postal Service enjoys federal sovereign immunity absent a waiver.").

USPS, construing Thomas's complaint liberally, suggests that he may be seeking litigation costs. *See* MTD at 7. Indeed, Thomas represented to USPS that he intends to continue with this litigation to "recoup his litigation costs." *Id.* at 10.[1] Although Thomas does not cite one, there is a statutory basis for an award of such costs. *See* 28 U.S.C. § 2412(a)(1). Such an award, though, is reserved only for a "prevailing party" in a civil action brought against a United States agency. *See id.*[2] To prevail, a plaintiff must win a court order "conclusively resolv[ing] a claim by granting enduring judicial relief on the merits that materially alters the legal relationship between the parties." *Lackey v. Stinnie*, 145 S. Ct. 659, 669 (2025). "[P]ractical effects" alone, "without a judicial imprimatur on the parties' relationship," are "not sufficient to confer prevailing-party status." *Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*, 108 F.4th 1358, 1365 (11th Cir.

---

[1] Thomas's interest in costs does not save his insurance claim from dismissal on mootness grounds. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108 (1998) ("[R]eimbursement of the costs of litigation cannot alone support standing."); *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990) (explaining that an "interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim").

[2] Thomas does not cite any statutory authority that allows for an award absent "prevailing-party" status.

2024); *see, e.g.*, *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 605 (2001) (refusing to "allow[] an award where there is no judicially sanctioned change in the legal relationship of the parties").

Thomas is not the "prevailing party" in this litigation. Although, as a practical matter, Thomas received his requested relief when USPS paid him, the above precedent makes clear that "practical effects" alone are not enough to endow a plaintiff with "prevailing-party" status. *Affordable Aerial Photography*, 108 F.4th at 1365. Further, the dismissal of Thomas's insurance claim as moot does not qualify as a "judicially sanctioned change in the legal relationship" between Thomas and USPS. *Buckhannon*, 532 U.S. at 605; *see Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigr. Servs.*, 452 F.3d 1254, 1258 (11th Cir. 2006) (holding that the district court erred in awarding fees and costs after dismissing the case as moot); *cf. Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990) ("An order vacating the judgment on grounds of mootness would deprive Continental of its claim for attorney's fees . . . because such fees are available only to a party that 'prevails' by winning the relief it seeks."). Accordingly, Thomas is not entitled to "recoup his litigation costs." MTD at 10.

7

## IV. CONCLUSION

Because USPS offered, and Thomas accepted, payment for the entire amount of Thomas's insurance claim, Thomas's claim is now moot. Dismissal is therefore required. *See Al Najjar*, 273 F.3d at 1336 ("[D]ismissal is required because mootness is jurisdictional."). And because Thomas is not a "prevailing party" in this action, he is not entitled to litigation costs.

Accordingly, the following is **ORDERED**:

1. USPS's Motion to Dismiss (Doc. 12) is **GRANTED**.

2. The Clerk is directed to enter judgment, which shall read "This case is dismissed without prejudice," terminate any pending motions and deadlines, and **CLOSE** this case.

**ORDERED** in Tampa, Florida, on July 2, 2025.

Kathryn Kimball Mizelle
United States District Judge

8